1  ISABELLE ORD (SBN 198224)
   *isabelle.ord@us.dlapiper.com*
2  **DLA PIPER LLP (US)**
   555 Mission Street, Suite 2400
3  San Francisco, CA 94105-2933
   Telephone: 415.836.2500
4  Facsimile: 415.836.2501

5  CHRISTOPHER M. YOUNG (SBN 163319)
   *christopher.young@dlapiper.com*
6  ASHLEY L. BARTON (SBN 335673)
   *ashley.barton@us.dlapiper.com*
7  **DLA PIPER LLP (US)**
   4365 Executive Drive, Suite 1100
8  San Diego, CA 92121-2133
   Tel: 619.699.2700
9  Fax: 619.699.2701

10
   *Attorneys for Defendant*
11 **TTE Technology, Inc.
   d/b/a TCL North America**
12

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| Stephan Herrick, on Behalf of Himself and All Others Similarly Situated, | Case No. 5:25-cv-00945 |
| Plaintiffs, | (Riverside Superior Court Case No. CVRI2500738) |
| vs. | **DEFENDANT TTE TECHNOLOGY, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| TTE TECHNOLOGY, INC. dba TCL NORTH AMERICA. | |
| Defendants. | Complaint Filed: February 11, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant **TTE TECHNOLOGY, INC**. d/b/a TCL NORTH AMERICA ("TCL") hereby removes the state court action described herein, filed by Plaintiff Stephan Herrick ("Plaintiff") in the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. TCL makes the following allegations in support of its Notice of Removal:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II. VENUE

2. Plaintiff originally filed this action in the Superior Court of the State of California, County of Riverside. Therefore, TCL removes this action to the Eastern Division of the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).

3. However, venue in the Superior Court of the State of California, County of Riverside, was improper under California state law at the time the action was filed. "[T]he superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action." Cal.

1  Code of Civ. Proc. § 395. Here, Plaintiff erroneously alleged in his Complaint, attached hereto as **Exhibit A**, that TCL's principal place of business is in Riverside County (Compl. ¶ 9), presumably based on an incorrect and outdated address for TCL's principal place of business, which was formerly located in Corona, California. Plaintiff also filed, as an Exhibit to his Complaint, a Consumers Legal Remedies Act Venue Declaration, stating that he is "informed and believe[s] that venue is proper in this Court under Cal. Civ. Code Section 1780(d) based on the fact that TCL's corporate headquarters and principal place of business are located in Corona (Riverside County), California; it conducts substantial business in this Riverside County; and a substantial part of the acts and omissions complained of occurred in Riverside County."

4. However, as of the date Plaintiff filed his Complaint, TCL's corporate headquarters and principal place of business was (and still currently is) in Irvine, California, in Orange County. (*See* Declaration of Scott Ramirez in Support of Defendant's Notice of Removal to Federal Court ["Ramirez Decl."] ¶ 7.) Therefore, the Complaint was improperly filed in Riverside County.

5. Venue in state court would have been proper in the Superior Court of the State of California, County of Orange. Accordingly, TCL will move to transfer this action to the Southern Division of the Central District after removal, as TCL would have removed to the Southern Division if Plaintiff had properly filed in Superior Court of the State of California, County of Orange.

**III.   PLEADINGS, PROCESS, AND ORDERS**

6. On February 11, 2025, Plaintiff filed an unverified Complaint against TCL in the Riverside County Superior Court entitled *Stephan Herrick, on Behalf of Himself and All Others Similarly Situated, Plaintiffs, v. TTE TECHNOLOGY, INC. dba TCL NORTH AMERICA, Defendant*, designated as Case No. CVRI2500738 (hereinafter, the "Complaint"). The Complaint contains six causes of action alleging: (a) violation of California's Unfair Competition Law, Business and Professions Code

§ 17200, *et seq.*; (b) violation of California's False Advertising Law, Business and Professions Code § 17500, *et seq.*; (c) violation of California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*; (d) unjust enrichment; (e) fraud; and (f) negligent misrepresentation. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the Riverside County Superior Court. (*See* Declaration of Ashley Barton in Support of Defendant's Notice of Removal to Federal Court ["Barton Decl."] ¶ 2.)

7. On March 18, 2024, Plaintiff personally served TCL with the following documents: (a) the Summons; (b) the Complaint; (c) the Riverside Superior Court's Alternative Dispute Resolution Information Package; (d) the Riverside Superior Court's Stipulation for Alternative Dispute Resolution Form; and (e) Notice of Acknowledgment of Receipt Form.

8. Attached to TCL's Notice of Removal are true and correct copies of:

    a. The Complaint filed in Riverside County Superior Court on February 11, 2025, attached hereto as **Exhibit A.**

    b. Alternative Dispute Resolution Information Package and Stipulation for Alternative Dispute Resolution Form, attached hereto as **Exhibit B.**

    c. The Summons issued by the Clerk of the Riverside County Superior Court on February 25, 2025, attached hereto as **Exhibit C.**

    d. Notice of Acknowledgment of Receipt Form, attached hereto as **Exhibit D.**

    e. Certificate of Counsel, dated February 11, 2025, attached hereto as **Exhibit E.**

    f. Civil Case Cover Sheet filed by Plaintiff on February 11, 2025, attached hereto as **Exhibit F.**

g. Notice of Department Assignment issued by the Clerk of the Riverside County Superior Court on February 24, 2025, attached hereto as **Exhibit G.**

h. Notice of Case Management Conference, issued by the Clerk of the Riverside County Superior Court on February 24, 2025, attached hereto as **Exhibit H.**

i. Minute Order Designating Case as Complex, entered on March 6, 2025, attached hereto as **Exhibit I.**

j. Class Action Case Management Order #1 issued by the Honorable Harold W. Hopp of the Riverside County Superior Court on March 6, 2025, attached hereto as **Exhibit J.**

k. Clerk's Certificate of Mailing of Class Action Case Management Order #1 to Plaintiff's counsel, attached hereto as **Exhibit K.**

(Barton Decl. ¶¶ 3, 4.)

9. Copies of Exhibits A-D were personally served on TCL and were received by TCL on March 18, 2025. (Barton Decl. ¶ 3.)

10. Copies of Exhibits E-I were obtained from the online docket of the Riverside County Superior Court. (Barton Decl. ¶ 4.)

11. To TCL's knowledge, no further process, pleadings, or orders related to this case have been filed in the Riverside County Superior Court or served by any party other than as described above. (Barton Decl. ¶ 5.)

**IV.  TIMELINESS OF REMOVAL**

12. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In addition, a defendant may remove "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Thus, the two 30-day periods set forth in section 1446(b) are not the exclusive periods for removal. *Id.* at 1125 ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any time.").

13. To trigger the 30-day removal periods under 28 U.S.C. § 1441(b), the grounds for removal must be evident from the face of the pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In other words, removability is based on the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* If it is unclear from the complaint whether the case is removable, the pleadings are considered "indeterminate," and the 30-day removal window is not triggered. *Id.* at 693. A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth*, 720 F.3d at 1125; *see also Stiren v. Lowes Home Ctrs., LLC*, 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) ("Even the simplest of inquiries is not required. . . . [D]efendants are not charged with any investigation, not even into their own records."). Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125; *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).

14. Here, removal of this action is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Because Plaintiff served the Summons and Complaint upon TCL on March 18, 2025 (Barton Decl. ¶ 3), the 30-day period for removal runs through April 17, 2024.

## V. CAFA JURISDICTION

15. This Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As set forth below, this case meets each CAFA requirement for removal.

### A. This is a Class Action.

16. Plaintiff filed this action as a putative class action. (Compl. ¶ 1.)

### B. The Proposed Class Contains At Least 100 Members.

17. The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B).

18. Plaintiff seeks to represent a class consisting of "[a]ll individuals who, during the Class Period, purchased a TCL television, including but not limited to, model numbers Q651G, Q672G, or A300W advertised and labeled as having a 'QLED' or 'QD-Mini LED' display in the state of California." (Compl. ¶ 64.)

19. Plaintiff alleges that the "Class Period" is "the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on the

1 date of entry of judgment." (Compl. ¶ 66.) Plaintiff's first cause of action alleging violations of California's Unfair Competition Law has a statute of limitations of four years. Cal. Bus. & Prof. Code, § 17208.

20. Plaintiff estimates "more than one thousand (1,000) individuals" in the Class. (Compl. ¶ 68.) This allegation is sufficient to satisfy CAFA's numerosity requirement. *See Kuxhausen V. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Tompkins v. Basic RSCH. LLC*, No. S-08-244, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008).

21. Additionally, TCL's records reflect that more than 100,000 televisions advertised and labeled as having 'QLED' or 'QD-Mini LED' displays were shipped into California warehouses for purchase by consumers in the State of California in the past year alone. (Ramirez Decl. ¶ 4.)

### C. **Defendant Is a Not Governmental Entity.**

22. CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

23. TCL is a corporation, not a state, state official, or other government entity exempt from CAFA. (*See* Compl. ¶ 9.)

### D. **There Is Diversity Between At Least One Putative Class Member and the Defendant.**

24. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A). "Congress, by borrowing the familiar short and plain statement standard from Fed. R. Civ. P. 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1225 (9th Cir. 2019). "A party's allegation of minimal diversity may be based on information and belief." *Id.* at 1227. "The pleading

1  need not contain evidentiary submissions." *Id.*

2    25.    Minimal diversity of citizenship exists here because at least one member of the putative class and TCL are citizens of different states.

3    26.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain). A corporation is a "citizen" of every state by which it has been incorporated *and* where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

27.    TCL is a citizen of the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because TCL is a corporation with its principal place of business in the State of California. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high-level officers direct, control, and coordinate the corporation's activities," which is "typically" the corporation's headquarters). TCL's current Statement of Information from the Office of the Secretary of State for the State of California, attached hereto as **Exhibit L,** shows that TCL's "principal office" is located at 189 Technology Dr., Irvine, California, 92618, and that the office of its CEO, CFO and Secretary are at the same address. (Barton Decl. ¶ 6.) The Complaint also alleges that TCL is a Delaware corporation with its principal place of business in California. (*See* Compl. ¶ 9; *see also* Ramirez Decl. ¶ 7.) Accordingly, TCL is, and at all relevant times has been, a citizen of the State of California.

28.    Plaintiff does not limit the class definition to citizens of California. (*See* Compl. ¶ 9.) Instead, the putative class encompassed by Plaintiff's allegations includes everyone who purchased a TCL television "advertised and labeled as having a 'QLED' or 'QD-Mini LED' display" in the state of California." (Compl. ¶ 64.) This definition includes persons visiting from other states who were not citizens of California at the time of purchase, persons who resided in California but were not US citizens at the time of purchase, and persons who were citizens of California at the

time of purchase but have since become citizens of another state or jurisdiction over the course of the class period. *See King v. Great Am. Chicken Corp.*, 903 F.3d 875, 879 (9th Cir. 2018) (holding on motion for remand that not all California residents will be United States citizens).

29. Based on information and belief, including TCL's knowledge and records of the number of sales for 'QLED' or 'QD-Mini LED' televisions, the locations of various retailers throughout the state and near the border with other states and with Mexico where these televisions are purchased, and other customer-related information, TCL avers and alleges that at least one member of the putative class is a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1). (*See* Ramirez Decl. ¶ 6; *see also Ehrman*, 932 F.3d at 1227 (holding that a "defendant's allegations of citizenship may be based solely on information and belief").)

30. Accordingly, at least one member of the class is a citizen of a state different from TCL, and minimal diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A).

### E.   The Amount in Controversy Exceeds $5,000,000.

31. Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

32. In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount in controversy allegation is accepted when a plaintiff invokes

federal court diversity jurisdiction. *Id.* at 87.

33.   For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on their claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is what amount is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

34.   TCL denies the validity and merit of the entirety of Plaintiff's claims and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is facially apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000, as explained below.

35.   Determining the amount in controversy first requires examining the allegations in the operative complaint. *See Anderson v. Seaworld Parks & Ent., Inc.*, 132 F. Supp. 3d 1156, 1160 (N.D. Cal. 2015) ("When determining the amount in controversy, the Court first considers whether it is 'facially apparent' from the complaint that the jurisdictional minimum has been satisfied.").

/ / /

/ / /

36. Plaintiff alleges that the "Class Period" is "the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on the date of entry of judgment." (Compl. ¶ 66.) Plaintiff's first cause of action alleging violations of California's Unfair Competition Law has a statute of limitations of four years. Cal. Bus. & Prof. Code, § 17208.

37. Plaintiff also alleges that "the aggregate damages sustained by the Class are in the millions of dollars." (Compl. ¶ 68.)

38. Moreover, based on TCL's records, sales of its televisions "advertised and labeled as having a 'QLED' or 'QD-Mini LED' display" in the state of California in the past year alone exceeds $5 million. (Ramirez Decl. ¶ 5.) *See Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) (reversing an order to remand because Defendant's uncontroverted declaration that the total sales of the product in dispute exceeded $5 million in the last four years sufficiently established the CAFA amount threshold).

39. Therefore, CAFA's jurisdictional requirement that the matter in controversy exceeds $5,000,000, exclusive of interest and costs, is easily satisfied.[1]

## VI. NOTICE OF REMOVAL TO STATE COURT AND ADVERSE PARTY

40. Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Annick M. Persinger, Andrea R. Gold, and David A. McGee of Tycko & Zavareei LLP, and a copy of the Notice of Removal will be filed with the Clerk of the Riverside County Superior Court in accordance with 28 U.S.C. § 1446(d).

/ / /

---

[1] TCL reserves the right to present additional evidence regarding Plaintiff's alleged damages in the event that Plaintiff asserts the amount in controversy requirement is not met.

WHEREFORE, TCL hereby removes this action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, Eastern Division, pursuant to CAFA.

Dated: April 17, 2025

**DLA PIPER LLP (US)**

By: /s/ *Christopher M. Young*
ISABELLE ORD
CHRISTOPHER M. YOUNG
ASHLEY L. BARTON

*Attorneys for Defendant*
TTE TECHNOLOGY, INC. DBA TCL NORTH AMERICA