UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No.: 5:25-CV-00945-SB-SP | Date: June 27, 2025 |
|---|---|

| Title: | Stephan Herrick v. TTE Technology, Inc. |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Lynnie Fahey | CourtSmart |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Andrea R. Gold | Christopher M. Young |

**Proceedings: (Minutes of)** Mandatory Scheduling Conference; Motion to Remand [29][30] **(Held and completed)**

The Court heard from the parties about the contents of their joint Rule 26(f) report. A case management order will be issued separately, and the Court expects the parties to act diligently to meet the deadlines imposed therein, which are not stayed pending resolution of the motion to remand or Defendant's motion to dismiss. The Court also heard argument on Plaintiff's motion to remand (Dkt. No. 29). The Court took the matter under submission.

The Court defers deciding the motion to remand and grants Plaintiff's alternative request for limited jurisdictional discovery. Even if Defendant establishes a prima facie case of minimal diversity, there is substantial reason to believe that the Court will decline jurisdiction under either the home-state or local-controversy exception. *Cf. Fuentes v. Hous. Auth. of the City of Los Angeles*, No. 2:23-CV-03295-SPG, 2023 WL 5530027, at *5 n.5 (C.D. Cal. Aug. 25, 2023) ("Even if Defendant had alleged sufficient facts to show minimal diversity . . . , it appears likely that *at least* one-third of the putative class members—if not more than two-thirds of the putative class—are California citizens.") (cleaned up). To be sure, "there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes

of CAFA's local controversy exception." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). In *Mondragon*, the Ninth Circuit vacated the district court's remand order where there was no evidence to support a finding that at least two thirds of the class members were California citizens, but it noted that the district court's inference was "understandable" and that "[i]t is likely that most of the prospective class members—we would guess more than two-thirds of them—were California citizens at the time the lawsuit was filed." *Id.* Over the defendant's objection, the Ninth Circuit instructed the district court on remand "to allow Mondragon an opportunity, if he chooses to do so, to renew his motion to remand and to take jurisdictional discovery tailored to proving that more than two-thirds of the putative class are citizens of California." *Id.* at 885.

Here, too, it appears likely that most class members who purchased Defendant's televisions in California during the class period are California citizens. Defendant opposes Plaintiff's request for jurisdictional discovery as futile because it does not possess records of addresses for even one third of the class members. It is not clear, however, that the information in Defendant's possession—which includes at least some physical addresses of class members—could not provide sufficient evidence for the Court to extrapolate and find that at least two thirds of the class consists of California citizens, particularly if all or nearly all the customers in the records have California addresses. *See Adams*, 958 F.3d at 1222–23 (affirming discretionary remand where plaintiff presented evidence that more than 90 percent of putative class members had last known mailing addresses in California); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'") (quoting *Anderson v. Watts*, 138 U.S. 694, 706 (1891)). As the Ninth Circuit emphasized in *Adams*, the plaintiff's burden to show that a CAFA exception applied "should not be exceptionally difficult to bear and should be considered with the goal of CAFA in mind: to keep interstate actions in federal court and truly intrastate actions in the state courts. 958 F.3d at 1223 (cleaned up).

Accordingly, Plaintiff's request for limited jurisdictional discovery is granted. The parties shall promptly meet and confer in person or by videoconference to identify the discovery sought (which shall include, at a minimum, the production by Defendant of any information in its possession about the citizenship or physical addresses of any class members) and a plan to complete the jurisdictional discovery on an expedited basis by July 30, 2025. No later than August 1, 2025, the parties shall file supplemental briefs, not to exceed five pages,

exclusive of exhibits, addressing the applicability of the home-state and local-controversy exceptions.

During their meet and confer, the parties shall also discuss whether they wish to agree to remand rather than expend time and resources on jurisdictional discovery. *Cf. King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 881 (9th Cir. 2018) (remanding for jurisdictional discovery but noting that defendant could propose a stipulation to avoid that burden); *Mondragon*, 736 F.3d at 885 (remanding for jurisdictional discovery and noting that the resulting "inefficiency and delay is at least equally attributable to [the defendant] for insisting that [the plaintiff] affirmatively prove with evidence a proposition that seems likely to be true"). Any stipulation to remand shall be filed no later than July 7, 2025.

0:36

CV-90 (12/02)                          **CIVIL MINUTES – GENERAL**                          Initials of Deputy Clerk <u>LFA</u>