JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN HERRICK,<br><br>         Plaintiff,<br><br>v.<br><br>TTE TECHNOLOGY, INC.,<br><br>         Defendant. | Case No. 5:25-cv-00945-SB-SP<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 29] |

Plaintiff Stephen Herrick, a California citizen, filed this putative class action in state court, alleging that Defendant TTE Technology, Inc., a California citizen, misrepresented the display technology used in its televisions. Defendant removed the case under the Class Action Fairness Act (CAFA). Plaintiff now moves to remand, challenging the existence of minimal diversity. The court held a hearing on June 27, 2025, and then deferred ruling to permit Plaintiff to conduct discovery on likely exceptions to CAFA jurisdiction. That discovery was inconclusive, and Plaintiff seeks more time to obtain outstanding third-party discovery. Rather than delaying further, the court now grants the motion to remand because Defendant has not met its burden to establish minimal diversity, irrespective of the jurisdictional exceptions.

I.

After conducting consumer research and reviewing advertising, Plaintiff purchased one of Defendant's televisions on Amazon.com. Plaintiff alleges that the television was falsely advertised as a "QLED TV"—a television using quantum light emitting diode technology to enhance the display's performance—despite lacking quantum dot technology. He filed suit in state court, alleging false advertising and related claims under California law on behalf of all individuals

who purchased one of Defendants' televisions "advertised and labeled as having a 'QLED' or 'QD-Mini LED' display in the state of California." Dkt. No. 1-2 ¶ 64.[1]

Defendant timely removed the case under CAFA. The removal notice acknowledges that Defendant, like Plaintiff, is a citizen of California. It does not identify any class member who is a citizen of any other state but claims minimal diversity based on the class definition and Defendant's inferences on information and belief:

> Plaintiff does not limit the class definition to citizens of California. . . . [The] definition includes persons visiting from other states who were not citizens of California at the time of purchase, persons who resided in California but were not US citizens at the time of purchase, and persons who were citizens of California at the time of purchase but have since become citizens of another state or jurisdiction over the course of the class period. . . .
>
> Based on information and belief, including TCL's knowledge and records of the number of sales for 'QLED' or 'QD-Mini LED' televisions, the locations of various retailers throughout the state and near the border with other states and with Mexico where these televisions are purchased, and other customer-related information, TCL avers and alleges that at least one member of the putative class is a citizen of a state other than the State of California . . . .
>
> Accordingly, at least one member of the class is a citizen of a state different from TCL, and minimal diversity exists for purposes of CAFA jurisdiction.

Dkt. No. 1 ¶¶ 28–30. The removal notice cites to the declaration of Defendant's vice president of home theater product marketing and development, Scott Ramirez, who states that more than 100,000 of its televisions were shipped to California in the past year and recites on information and belief that "at least one purchaser of such a television who purchased the television in California in the last four years is not presently a citizen of the State of California." Dkt. No. 1-14 ¶¶ 4, 6. The

---

[1] After removal, Plaintiff filed a first amended complaint that defined the class to include only California residents. Dkt. No. 34. However, the existence of minimal diversity is determined based on the pleadings at the time of removal. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017).

declaration supports this conclusion with essentially the same general information alleged in the removal notice, citing Ramirez's "knowledge of the approximate number of purchases of TCL's . . . televisions in California, the sales channels, including the locations of various retailers throughout the state and near the border with other states and with Mexico where these televisions are purchased, and other customer-related information regarding where we advertise our televisions." *Id*. ¶ 6.

Plaintiff moved to remand, challenging minimal diversity and in the alternative requesting discovery to prove that jurisdiction is improper under CAFA's exceptions for local controversies. Dkt. No. 29.[2] After hearing argument, the court granted Plaintiff's request for limited discovery on the CAFA exceptions, and the parties filed supplemental briefs. Dkt. Nos. 49, 50. Both parties agree that the very limited records Defendant produced (which include information for less than five percent of the putative class) are insufficient to meet Plaintiff's burden, but Plaintiff requests a further extension because he is awaiting responses to subpoenas he served on seven of Defendant's authorized retailers. Rather than delay further, the court now finds that the case must be remanded irrespective of the CAFA exceptions.

II.

CAFA provides that federal courts have subject-matter jurisdiction over class actions in which the amount in controversy exceeds $5 million and any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). As in other contexts, a party removing a case under CAFA bears the burden to demonstrate federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Unlike in other contexts, however, "no

---

[2] Plaintiff filed two copies of his motion to remand. Dkt. Nos. 29, 30. The only difference is that the first is identified on the electronic docket as seeking remand to the Riverside County Superior Court—where the case was originally filed—while the second seeks remand to the Orange County Superior Court. Plaintiff cites no authority permitting remand to a court other than the originating one. *Cf. Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985) ("'Remand' means 'send back.' It does not mean 'send elsewhere.' The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'") (quoting 28 U.S.C. § 1447(d)).

antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

CAFA also contains exceptions to federal jurisdiction "to allow truly *intra*state class actions to be heard in state court." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). These exceptions are found in § 1332(d)(3) and (4) and are often referred to as the local-controversy exception and the home-state exception. "Under the local controversy exception, a district court 'shall' decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." *Id.* (citing 28 U.S.C. § 1332(d)(4)(A)). The home-state exception comprises two provisions—one mandatory and one discretionary:

> Under the first, the district court "shall" decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (the "mandatory home state exception"). Under the second, a district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally filed. 28 U.S.C. § 1332(d)(3) (the "discretionary home state exception").

*Id*. "Somewhat perplexingly, both the mandatory and discretionary home state exceptions are often referred to by the same name—that is, simply, as the 'home state exception.'" *Id.* at 1221.

Both the local-controversy and home-state exceptions "are not part of the prima facie case for establishing minimal diversity jurisdictional under CAFA, but, instead, are exceptions to jurisdiction," which the party seeking remand has the burden of proving once a prima facie case of jurisdiction has been established. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023–24 (9th Cir. 2007). The exceptions "are not jurisdictional" but are treated as a form of abstention that may be raised sua sponte by the district court. *Adams*, 958 F.3d at 1223–24. Although he misdescribes them, Plaintiff invokes both the local-controversy and home-state exceptions.

III.

It is undisputed that the case satisfies CAFA's requirements other than minimal diversity—i.e., the requirement that any class member is a citizen of a state other than California (where Defendant is a citizen) or of a foreign country. The court addresses two procedural issues raised by Defendant before turning to the jurisdictional dispute.

A.

First, Defendant argues that the motion could be denied for failure to comply with Local Rule 7-3 because the parties did not adequately discuss the grounds for the motion during their May 9 conference or as part of their further discussions on Defendant's motion to dismiss on May 16. Plaintiff disputes this characterization. Although it appears that the parties may not have discussed the issues at the required level of specificity, the court declines to strike the motion on that ground, especially because it has an obligation to examine its jurisdiction even in the absence of a motion to remand. *Cf. Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) ("[T]his court has an independent obligation to address *sua sponte* whether we have subject matter jurisdiction."). However, counsel are admonished to pay closer attention to the court's rules—including the recent amendment to Local Rule 7-3—in the future.

B.

Second, Defendant contends that Plaintiff's motion should be treated as a facial—rather than a factual—challenge to jurisdiction. "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," while "[a] factual attack contests the truth of the allegations themselves." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (cleaned up). A challenge that does not rely on evidence outside the pleadings may be a factual attack if it "challenge[s] the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id*. at 700.

Plaintiff insists that he "is explicitly mounting a factual attack against Defendant's minimal diversity allegations and is challenging the truth of the allegations as not supported by the documents Defendant submitted in its Notice of

5

Removal." Dkt. No. 30-1 at 3.[3] Plaintiff does not affirmatively state that the class lacks a diverse member—he merely argues that Defendant has not met its burden to show minimal diversity. Nor has Plaintiff challenged the truth of Defendant's factual assertions about its sales; instead, he argues that those facts do not support a reasonable inference of minimal diversity. Dkt. No. 36 at 3–4 ("Plaintiff challenged the factual basis of Defendant's minimal diversity allegations directly by arguing that Mr. Ramirez's knowledge of the number of purchases, sales channels, and 'other customer-related information' does not concretely establish the identity of a single individual with citizenship outside of California."). Plaintiff confirmed at the hearing that he is challenging the reasonableness of Defendant's assumptions rather than any specific factual assertion.

Plaintiff's challenge is thus unlike *Harris*, on which he relies, because "*Harris* directly challenged the truth of [the defendant's] allegation that all 442 Hourly Employee Class members worked shifts long enough to qualify for meal and rest periods," making his attack factual. *Harris*, 980 F.3d at 700; *but see Fuentes v. Hous. Auth. of the City of Los Angeles*, No. 2:23-CV-03295-SPG, 2023 WL 5530027, at *3 (C.D. Cal. Aug. 25, 2023) (treating argument "that Defendant has failed to provide competent proof of its assertion that the proposed class includes citizens of states other than California" as a factual challenge).

The court finds it unnecessary to resolve whether Plaintiff's challenge is truly factual, however. The sole evidence on which Defendant relies is the declaration attached to the removal notice, which essentially mirrors the allegations in the notice, and Plaintiff has not produced any controverting evidence. Thus, whether the court looks to the allegations and accepts them as true on a facial challenge or looks to the nearly identical declaration on a factual challenge, the analysis is effectively the same—the court must determine whether the asserted facts are sufficient to establish minimal diversity.

C.

The heart of the parties' dispute is whether Defendant has met its burden to establish minimal diversity by raising a reasonable inference that there must be at least one diverse class member.

---

[3] Plaintiff includes with his motion one exhibit—an unauthenticated document purporting to summarize a consumer survey—to which Defendant objects. The objection is sustained, but the exhibit is not material to either the characterization of Plaintiff's challenge or the existence of minimal diversity.

1.

In *Kanter v. Warner-Lambert Co.*, the Ninth Circuit held that "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." 265 F.3d 853, 857 (9th Cir. 2001); *see also Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087–88 (9th Cir. 2014) (citing *Kanter* and noting "the general requirement that [a removing defendant] must plead diversity affirmatively and on knowledge" absent "unusual circumstances"). *Kanter* affirmed remand for failure to establish complete diversity (among other deficiencies) where the defendants' notice of removal identified only the residence of the plaintiffs and not their citizenship, which was "fatal to Defendants' assertion of diversity jurisdiction." *Kanter*, 256 F.3d at 858.

*Kanter* arose outside the CAFA context, and Defendant argues that the same rule should not apply under CAFA because minimal diversity is a lower standard than the complete diversity that was required for jurisdiction in *Kanter*. But the difference between minimal and complete diversity is a difference in *what* must be shown to establish diversity. *Kanter* addresses *how* to show diversity—by "alleg[ing] affirmatively the actual citizenship of the relevant parties." 265 F.3d at 857. Under CAFA, *Kanter* allows Defendant to establish minimal diversity by identifying the citizenship of only one diverse class member, rather than all class members. Defendant has not shown that it is excused from meeting even that reduced burden.

Indeed, the Ninth Circuit in an unpublished CAFA decision found that the defendant "failed to carry its burden of establishing minimal diversity with at least one putative class member" where "[n]one of the declarations relied on by [the defendant] identify any specific putative class member that was diverse from [the defendant] as of the date the suit was commenced." *Sanchez v. Ameriflight, LLC*, 724 F. App'x 524, 526 (9th Cir. 2018) (affirming remand). Although the majority's analysis was conclusory and did not address *Kanter*, a partial dissent asserted that the declarations "suggested that a significant percentage of putative class members were diverse from [the defendant]" and would have remanded to allow the district court "an opportunity to more fully assess this question of fact now prematurely resolved by the majority." *Id*. at 527 (Friedman, J., concurring in part and dissenting in part). Thus, it appears that the majority considered the issue and determined that remand was required in the absence of an identified diverse class member even when there was evidence to suggest diversity.

7

Similarly, where defendants in CAFA cases relied on assumptions about the composition of the class without identifying at least one diverse class member, multiple district courts have relied on *Kanter* to find the jurisdictional showing inadequate. *E.g., Fuentes*, 2023 WL 5530027, at *4–5 (citing *Kanter* for the proposition that the defendant must affirmatively allege the citizenship of the relevant parties and finding that it failed to meet its burden where it "ha[d] not affirmatively alleged that even one of the[] 805,514 [class members] is diverse, nor provided competent proof of such diversity"); *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1083 (N.D. Cal. 2019) (citing *Kanter* and finding allegations about percentage of limousine companies with principal places of business outside California insufficient to establish minimal diversity where the complaint "d[id] not identify any specific out-of-state affiliates or their states of citizenship").

2.

Defendant cites several cases to argue that it has sufficiently alleged minimal diversity, but none of them distinguishes *Kanter* or holds that a removing CAFA defendant may satisfy its burden to show minimal diversity without identifying any diverse parties. Defendant principally relies on *Ehrman v. Cox Communications, Inc.* for the proposition that "a defendant's allegations of citizenship may be based solely on information and belief." 932 F.3d 1223, 1227 (9th Cir. 2019). But nothing in *Ehrman* suggests that a defendant can establish minimal diversity without identifying diverse parties. To the contrary, the removal notice in *Ehrman* alleged the citizenship of *all* parties, asserting that the defendant was a citizen of Delaware and Georgia and that the named plaintiff and all class members were citizens of California. The plaintiff facially challenged these allegations, contending that they were based only on the complaint's allegations of the plaintiff's and class members' residence—not their citizenship. The Ninth Circuit held that "a defendant's allegations of citizenship may be based solely on information and belief," and thus the defendant's allegations that the plaintiff and the putative class members were California citizens was sufficient—"at least in the absence of a factual or as-applied challenge." *Id*. The proposition that the class members' citizenship may be alleged on information and belief does not support Defendant's position that their citizenship need not be alleged at all.

The other Ninth Circuit cases on which Defendant relies to argue for minimal diversity are likewise unavailing. *Arias* and *Salter* involved disputes over the amount in controversy in which the existence of minimal diversity was undisputed. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959 (9th Cir. 2020); *Arias v.*

8

*Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019). In *King v. Great American Chicken Corp, Inc.*, the court discussed class members' citizenship in the context of the local-controversy and home-state exceptions, but the notice of removal identified a specific diverse class member, and it was undisputed that minimal diversity was met. 903 F.3d 875, 877 (9th Cir. 2018). None of these cases distinguished *Kanter* or held that a CAFA defendant need not identify a diverse class member when asserting minimum diversity.

    Defendant cites two district court decisions that denied remand based on a reasonable probability that the class contained non-California residents without identifying specific diverse class members, relying instead on assumptions somewhat similar to those Defendant makes here. *Broadway Grill, Inc. v. Visa Inc.*, No. 16-CV-04040, 2016 WL 4498822, at *4 (N.D. Cal. Aug. 29, 2016); *Hicks v. Grimmway Enters., Inc.*, No. 22-CV-2038, 2023 WL 3319362, at *5 (S.D. Cal. May 9, 2023).[4] It does not appear that the plaintiff in either case challenged the defendant's failure to identify diverse parties, and neither case addressed *Sanchez* or the pertinent language in *Kanter* or cited any Ninth Circuit authority excusing the defendant from identifying at least one diverse class member. In any event, these decisions are not binding precedent, and other district courts have reached the opposite conclusion. *Fuentes*, 2023 WL 5530027, at *4–5; *Beauford v. E.W.H. Grp. Inc.*, No. 1:09-CV-00066, 2009 WL 1808468, at *5 (E.D. Cal. June 24, 2009) (finding allegations of minimal diversity too conclusory even where defendant identified two class members with out-of-state driver's licenses); *Mora v. Block, Inc.*, No. 2:24-CV-00739-JAK, 2024 WL 1311289, at *3 (C.D. Cal. Mar. 27, 2024) (remanding based on defendant's "failure to specify a single, diverse putative class member" even though class definition could include citizens of other states).

    In sum, Defendant has not shown that the general rule requiring a party invoking diversity jurisdiction to "allege affirmatively the actual citizenship of the relevant parties" is inapplicable in the CAFA context. *Kanter*, 265 F.3d at 857.

---

[4] In the third district court decision on which Defendant relies, the plaintiff conceded that minimal diversity existed based on the class definition in his motion for class certification but argued that it was due to an oversight and stated his intention to amend the class definition. *Stern v. RMG Sunset, Inc.*, No. 17-CV-1646, 2018 WL 2296787, at *7 (S.D. Cal. May 21, 2018). Here, Plaintiff makes no such concession and relies on the complaint at the time of removal.

3.

*Kanter* contemplates an exception to the general rule for "unusual circumstances." *Id.*[5] In *Carolina Casualty Insurance*, the Ninth Circuit relied on this exception, holding that where information about the defendant LLCs' citizenship was within the defendants' control and not reasonably ascertainable by the plaintiff, the plaintiff could plead jurisdictional allegations "on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." 741 F.3d at 1087–88.

Defendant, who bears the burden of establishing jurisdiction, has not suggested that information about the class members' citizenship is within Plaintiff's exclusive control or otherwise impossible for it to obtain. To the contrary, Defendant has records—which it has now produced to Plaintiff—of the identities and addresses of at least some of its customers. It has not argued, much less shown, that identifying a diverse class member—if one exists—would be impossible. Nor has Defendant otherwise invoked the "unusual circumstances" exception, let alone identified authority to support its application here. Thus, Defendant has not shown that it is excused from the general requirement that "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857; *Sanchez*, 724 F. App'x at 526.[6]

---

[5] At the hearing, Plaintiff's counsel stated that she was not arguing that *Kanter* requires Defendant to identify a diverse class member. It is unclear whether counsel intended to disclaim the general rule in *Kanter* or simply acknowledge that the rule is not absolute. Regardless, the court has an independent obligation to determine its own jurisdiction, and to the extent counsel disclaimed the correct legal standard, she did not thereby create subject-matter jurisdiction by waiver. *See Guzman-Andrade v. Gonzales*, 407 F.3d 1073, 1077 (9th Cir. 2005) (parties "cannot create subject matter jurisdiction nor waive its absence" by agreement).

[6] Even if Defendant could establish that it was excused from identifying a specific diverse class member, it is not clear that its vague allegations suffice to establish diversity. At the hearing, the court expressed skepticism that these assertions were adequate, and Defendant responded that it would rest on its removal petition and Ramirez's conclusory assertion that at least one class member was not a Californian.

Because it has neither alleged the citizenship of any diverse parties nor shown unusual circumstances that excuse its obligation to do so, Defendant has not met its burden to establish minimal diversity.[7]

## IV.

Because Defendant has not met its burden to show federal jurisdiction under CAFA, Plaintiff's motion to remand is granted, and the case is remanded to the Riverside County Superior Court.

Date: August 13, 2025

Stanley Blumenfeld, Jr.
United States District Judge

---

[7] Although this conclusion makes it unnecessary to reach the CAFA jurisdictional exceptions, the preliminary evidence gathered by the parties suggests that the local-controversy and home-state exceptions will likely ultimately apply. Of the 52 customers who bought televisions in California directly from Defendant, there is no suggestion that any is a non-California citizen. Nor has Defendant offered any reason to believe the records from its authorized retailers will show a different pattern. Although the evidence at present is insufficient to support remand on that separate basis, waiting for further discovery would likely confirm the same outcome on an alternative basis. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884–85 (9th Cir. 2013) (noting reasonableness of district court's inference that most class members who purchased vehicles in California were likely Californians and expressing suspicion that "if he decides to expend the effort, Mondragon will be able to gather and submit evidence to support his contention that more than two-thirds of prospective class members were citizens of California at the time the case became removable").